No. 70,101

In the Matter of MICHAEL J. WAITE, *Respondent.*
(883 P.2d 1176)

Opinion filed October 28, 1994.

Stanton A. Hazlett, deputy disciplinary administrator, argued the cause, and Bruce E. Miller, disciplinary administrator, was with him on the formal complaint for petitioner.

Richard P. Senecal, of Duncan, Senecal, Bednar and Asher, Chartered, of Atchison, argued the cause for respondent, and respondent argued the cause pro se.

*Per Curiam:* This is an original proceeding in attorney discipline filed by the Disciplinary Administrator against Michael J. Waite, an attorney admitted to the practice of law in Kansas.

This complaint arises out of respondent's handling of a simplified estate. Respondent was employed to handle an estate in which the only asset was a $3,000 check payable to the decedent. Respondent placed the $3,000 check in his trust account and filed a simplified estate petition.

Respondent then failed to keep the heirs informed and failed to return telephone calls and answer correspondence. While the $3,000 was in respondent's trust account, the balance of his trust account fell below $3,000 on several occasions.

The hearing panel of the Board for Discipline of Attorneys found respondent had violated the following model rules of professional conduct:

MRPC 1.1 (1993 Kan. Ct. R. Annot. 258) (competence) Undertaking a probate matter which he did not have the legal knowledge and skill to handle.

MRPC 1.3 (1993 Kan. Ct. R. Annot. 263) (diligence) Filing a petition for appointment of administrator under the Kansas Simplified Estates Act in May 1989 and then taking no further action.

MRPC 1.4 (1993 Kan. Ct. R. Annot. 267) (communication) Failing to respond on the many occasions when complainant attempted to find out the status of the matter.

MRPC 1.15 (1993 Kan. Ct. R. Annot. 299) (safekeeping property) Allowing the balance in the trust account to fall below the amount deposited on behalf of the heirs. The panel specifically found that this was the result of very poor record-keeping as opposed to an intent to misuse the client's funds.

In making its recommendation, the disciplinary panel considered the following facts: Respondent has previously been publicly censured for neglecting a legal matter entrusted to him, *In re Waite*, 237 Kan. 626, 702 P.2d 1381 (1985); respondent paid $680 of his own funds on disbursements which he was not required to make; respondent has a substance abuse problem; and there have been no further complaints against respondent in the two and one-half years since this complaint was filed. Respondent has the support of the bench and bar in his area, many members of which have come forward with generous offers to contribute their time and expertise to aid and supervise respondent in the practice of law.

As a result, the disciplinary panel recommended that the imposition of discipline be suspended and that respondent be placed on probation for a period of 18 months under certain conditions. In view of the fact respondent has practiced law for some 15 years at an acceptable level and is presently undergoing treatment for his substance abuse, we adopt and approve the report of the hearing panel of the Board for Discipline of Attorneys with certain amendments.

IT IS THE ORDER OF THE COURT that the imposition of discipline against Michael J. Waite be and is hereby suspended, and he is placed on supervised probation for a period of two years.

IT IS FURTHER ORDERED that during the probation period respondent's practice of law is to be supervised by Robert D. Beall and John F. Thompson, both of the firm of Davis, Beall, McGuire and Thompson, of Leavenworth, according to the plan submitted to this court, with quarterly reports sent to the office of the Disciplinary Administrator on the status of respondent's practice and his ability to practice law as well as the state of his trust account. The schedule for the reports will be set by the Disciplinary Administrator.

IT IS FURTHER ORDERED that respondent shall continue his treatment at Bethany Medical Center for at least two years or until released from further treatment by Bethany Medical Center. Respondent shall also attend AA meetings at least once each week for the 24 months of probation and shall furnish satisfactory proof to the Disciplinary Administrator of such attendance. The type of reports and schedule for the reports will be set by the Disciplinary Administrator.

IT IS FURTHER ORDERED that respondent shall refrain from consuming any type of alcoholic beverage for a period of two years.

IT IS FURTHER ORDERED that in the event respondent fails to abide by the conditions set forth herein, a show cause order shall issue to respondent, and this court will take whatever disciplinary action it deems just and proper without further formal proceedings.

IT IS FURTHER ORDERED that this order be published in the official Kansas Reports and that respondent pay the costs of these proceedings.

DAVIS, J., not participating.